No. 13-6574

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DEDE STRATTON,

Plaintiff – Appellant,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Defendant – Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

**BRIEF FOR APPELLEE PORTFOLIO RECOVERY ASSOCIATES, LLC**

/s/ Joseph N. Tucker
Joseph N. Tucker
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
(502) 540-2360

## FRAP 26.1 CORPORATE DISCLOSURE STATEMENT

Portfolio Recovery Associates, LLC, is a Delaware limited-liability company and a subsidiary of Portfolio Recovery Associates, Inc., a publicly traded company. No other publicly held company owns 10% or more of the stock of Portfolio Recovery Associates, LLC, or Portfolio Recovery Associates, Inc.  Other than set forth herein, there is no publicly owned corporation, not a party to this case, that has a financial interest in the outcome of this case.  There are no other persons or entities that may have an interest in the outcome of this case.

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee Portfolio Recovery Associates, LLC, respectfully submits that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. The issues before the Court on Plaintiff-Appellant's appeal are not complex, and the record facts and applicable law clearly demonstrate that Plaintiff-Appellant's appeal must be denied. Therefore, oral argument is unnecessary in this case. However, Defendant-Appellee would welcome oral argument should the Court believe that it would be useful in resolving the issues raised on appeal.

# TABLE OF CONTENTS

FRAP 26.1 CORPORATE DISCLOSURE STATEMENT

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF THE ISSUES   1

STATEMENT OF THE CASE   1

SUMMARY OF THE ARGUMENT   5

ARGUMENT   8

I.   LEGAL STANDARD   8

II.   THE DISTRICT COURT PROPERLY DISMISSED THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM   9

A.   The District Court Properly Interpreted and Applied KRS § 360.010.   9

    1.   Stratton Misunderstands the Lower Court's Opinion.   10

    2.   Stratton Misconstrues the Effect of GE's Waiver of Its Right to Collect Contractual Interest Under KRS § 360.010.   11

B.   The District Court Properly Held that PRA Did Not Violate the Fair Debt Collection Practices Act.   15

    1.   The Statutory Framework and Intent of the FDCPA.   16

    2.   PRA Did Not Violate Section 1692e(2)(A) of the FDCPA.   18

    3.   PRA Did Not Violate Section 1692f(1) of the FDCPA.   23

    4.   PRA Did Not Violate Section 1692e(5) of the FDCPA.   25

C.  Stratton's TILA Argument Is Improper and Inapplicable.        28

    1.  This Court Cannot Hear Stratton's TILA Argument for the
        First Time on Appeal.                                     29

    2.  Stratton's TILA Claim Fails as a Matter of Law.           31

CONCLUSION                                                        33

CERTIFICATE OF COMPLIANCE

DESIGNATION OF RELEVANT LOWER COURT DOCUMENTS

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Federal and State Cases

*3D Enterprising Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440 (Ky. 2005)      9

*Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619 (6th Cir. 2002)      9

*Argentieri v. Fisher Landscapes*, 15 F. Supp. 2d 55 (D. Mass. 1998)      22

*Bailey v. Container Corp. of Am.*, 660 F. Supp. 1048 (S.D. Oh. 1986)      32

*Barrett v. Messerli & Kramer, P.A* ., Case No. 11-2722, 2012 U.S. Dist. LEXIS 59190 (D. Minn. Apr. 12, 2012)      23

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)      8

*Brown v. Consolidated Rail Corp.*, 614 F. Supp. 289 (N.D. Oh. 1985)      32

*Carlson v. First Revenue Assurance*, 359 F.3d 1015 (8th Cir. 2004)      17

*Chaparral Resources Inc., v. Monsanto Co.*, 849 F.2d 1286 (10th Cir. 1988)      15

*Clark v. Main Street Acquisition Corp.*, Case No. 13-3769, 2014 U.S. App. LEXIS 1750 (6th Cir. Jan. 27, 2014)      20, 21, 24

*Currier v. First Resolution Inv. Corp.*, Case No. 12-223-DLB, 2013 U.S. Dist. LEXIS 93476 (E.D. Ky. July 3, 2013)      24, 25, 26

*Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942 (S.D. Ohio 2005)      26

*Dicesari v. Asset Acceptance LLC*, Case No. 11-CV-6815, 2012 U.S. Dist. LEXIS 133168 (E.D. Pa. Sept. 18, 2012)      26

*DirecTV, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)      9

v

*Dunn v. Gordon Food Servs., Inc.,* 780 F. Supp. 2d 570 (W.D. Ky. 2011)    12, 13

*Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631 (6th Cir. 2007)    9

*Fick v. Am. Acceptance Co.*, Case No. 3:11 CV 229,
2012 U.S. Dist. LEXIS 43761 (N.D. Ind. Mar. 28, 2012)    26

*Foster v. Barilow*, 6 F.3d 405 (6th Cir. 1993)    30

*Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007)    8

*Gionis v. Javitch, Block & Rathbone, LLP*, 238 Fed. Appx. 24 (6th Cir. 2007)    27, 29

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308,
119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999)    29

*Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606 (6th Cir. 2009)    18

*Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006)    17, 20

*Helton v. Hoskins*, 278 Ky. 352, 128 S.W.2d 732 (Ky. 1939)    10

*Hemmingsen v. Messerli & Kramer, P.A .*, 674 F.3d 814 (8th Cir. 2012)    23

*Hood v. Tenn. Student Assistance Corp.*, 319 F.3d 755 (6th Cir. 2003)    29

*Hrivnak v. NCO Portfolio Mgmt.*, Case No. 1: 10 DC 00646,
2014 U.S. Dist. LEXIS 13848 (S.D. Ohio, Jan. 28, 2014)    19

*Humphrey v. United States AG Office*, 279 Fed. Appx. 328 (6th Cir. 2008)    29

*Institufrom Techs., Inc. v. Cat Contr., Inc.*, 518 F. Supp. 2d 876
(S.D. Tex. 2007)    15

*Katzman v. Helen of Troy Tex. Corp.*, Case No. 12 Civ. 4220,
2013 U.S. Dist. LEXIS 53396 (S.D.N.Y. Apr. 11, 2013)    13

*Kistner v. Law Offices of Michael P. Margelefsky, LLC*,
518 F.3d 433 (6th Cir. 2008)    18

vi

*Leone v. Credit Card Receivables Fund, Inc.*, Case No. 09-CV-21612,
2009 U.S. Dist. LEXIS 131479 (S.D. Fla. Nov. 4, 2009)                    22

*Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175 (D. Conn. 1994)    17

*McLean v. Ray*, 488 Fed. Appx. 677 (4th Cir. 2012)                    19

*Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009)    17, 19

*Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136 (Ky. 1991)         10

*Okere v. Palisades Collection, Inc.*, Case No. 12 Civ. 1453 (GWG),
2013 U.S. Dist. LEXIS 40840 (S.D.N.Y. Mar. 22, 2013)                     26

*Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566 (6th Cir. 2002)    29

*Peters v. General Service Bureau, Inc.*, 277 F.3d 1051 (8th Cir. 2002)    2019

*Pinney Dock and Transport Co. v. Penn Central Corp.*, 838 F.2d 1445 (6th Cir.),
*cert. denied*, 488 U.S. 880, 109 S. Ct. 196, 102 L. Ed. 2d 166 (1988)    30

*Reliable Mech., Inc., v. Naylor Indus. Servs.*, 125 S.W.3d 856 (Ky. Ct. App.
2003)                                                                    14

*Richardson v. AllianceOne Receivables Mgmt, Inc.*, Case No. 03 Civ. 5519
(DLC), 2004 U.S. Dist. LEXIS 6943 (S.D.N.Y. Apr. 23, 2004)              17

*Scioli v. Goldman v. Warshaw P.C.*, 651 F. Supp. 2d 273 (D.N.J. 2009)   19

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008)         29

*Simon v. Pfizer Inc.*, 398 F.3d 765 (6th Cir. 2005)                   8

*Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622
(6th Cir. 2010)                                                        8

*Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016 (E.D. Wisc. 2013)    20

*Unifund CCR Partners v. Carol Harrell*, Case No. 2-CI-00661 (Nelson
Circuit Court, KY)                                                      20, 21

*White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000)                                     19

*Wilson v. Asset Acceptance, LLC,* 864 F. Supp. 2d 642 (E.D. Ky. 2012)        26

**Federal Statutes, Rules, and Regulations**

15 U.S.C. § 1601, Truth in Lending Act ("TILA")                    7, 8, 28, 29, 30, 31, 32

15 U.S.C. § 1692 et seq.,
Fair Debt Collection Practices Act ("FDCPA")                                   *passim*

15 U.S.C. § 1692e                                                                          16, 21

15 U.S.C. § 1692e(2)(A)                                                       3, 6, 18, 19, 21

15 U.S.C. § 1692e(5)                                                      3, 7, 25, 26, 27, 28

15 U.S.C. § 1692e(10)                                                                      21

15 U.S.C. § 1692f                                                                         7, 24

15 U.S.C. § 1692(f)(1)                                                         16, 23, 24, 25

Fed. R. Civ. P. 12(b)(6)                                                         3, 8, 15, 33

**Kentucky Statutes**

KRS § 360.010                                                                        *passim*

**Secondary Sources**

Merriam-Webster Dictionary, 2009                                                     24

RESTATEMENT (SECOND) OF CONTRACTS (1981)                               10

## STATEMENT OF THE ISSUES

1. Did the district court properly hold that a waiver of the right to collect <u>contractual</u> interest is not in turn an automatic waiver of the right to recover <u>statutory</u> prejudgment interest in a state court complaint?

2. Did the district court properly hold that a request for statutory prejudgment interest that complies with Kentucky law does not violate the Fair Debt Collection Practices Act?

3. Can an appellant raise a new argument for the first time on appeal that was not brought before the district court, without any "exceptional circumstances"?

## STATEMENT OF THE CASE

In 2008, Plaintiff-Appellant Dede Stratton ("Stratton") stopped making payments on a credit card account she held with GE, F.S.B./Lowes ("GE" or "GE Money Bank").[1]  GE continued to charge the default contract rate of interest of 21.99% as set forth in the credit card contract between Stratton and GE.[2]  On or about December 19, 2008, GE charged off the credit card debt in the amount of $2,630.95.[3]

On January 15, 2010, GE sold and assigned all of its rights in Stratton's outstanding debt in the total amount of $2,630.95 to Defendant-Appellee Portfolio

---

[1] Am. Compl., RE 10, ¶¶ 1, 7-17, Page ID# 90, 91-92.
[2] Am. Compl., Ex. C, RE 10-3, Page ID# 100.
[3] Am. Compl., RE 10, ¶¶ 1, 16-17, 19, Page ID# 90, 91-92.

1

Recovery Associates, LLC ("PRA").[4]  Thus, assuming the allegations in the amended complaint are true, between the date that GE charged off the debt in December 2008, and the date that GE sold the account to PRA in January 2010, GE did not charge any interest on the account.[5]

On June 20, 2012, PRA filed a four-paragraph complaint in Kentucky state court to recover the debt from Stratton.[6]  PRA's state court collection complaint sought to recover the full amount of the debt in the amount of $2,630.95 and requested that the state court award PRA <u>statutory</u> pre-judgment interest of 8% from the date of charge-off as permitted under KRS § 360.010 for liquidated damages.[7]

Based only on PRA's filing of the state court collection complaint, on May 26, 2013, Stratton filed a putative class-action complaint against PRA in the United States District Court for the Eastern District of Kentucky.[8]  Then, two months later, she filed an amended complaint in which she alleged that PRA ostensibly violated the Fair Debt Collection Practices Act ("FDCPA") merely by requesting that the state court award it statutory prejudgment interest in the state court collection action.[9]  Stratton premised her argument on her incorrect assertion that, because GE Money Bank did not charge Stratton <u>contract</u> interest on her charged off credit card account, PRA was

---

[4] Am. Compl., RE 10, ¶¶ 1, 17-19, Page ID# 90, 91-92; Am. Compl., Ex. C, RE 10-3, Page ID# 100.
[5] Am. Compl., RE 10, ¶ 19, Page ID# 92.
[6] Am. Compl., Ex. A, RE 10-1, Page ID# 98 .
[7] *See* Am. Compl., Ex. A, RE 10-1, Page ID# 98.
[8] *See generally* Compl., RE 1, Page ID# 1-7.
[9] Am. Compl., RE 10, Page ID# 90-96.

2

not entitled to request that the state court award it <u>statutory</u> prejudgment interest.[10] Stratton therefore asserted that PRA's mere request for statutory prejudgment interest in the state court complaint violated three separate sections of the FDCPA: (1) falsely representing the character, amount, and/or legal status of her debt, in violation of 15 U.S.C. § 1692e(2)(A); (2) taking an illegal action to collect the debt, in violation of 15 U.S.C. § 1692e(5); and (3) attempting to collect interest on a debt that is not permitted under the credit card agreement or any statute, in violation of 15 U.S.C. § 1692f(1).[11]

PRA moved to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and made two simple arguments.[12]  First, PRA asserted that as GE Money Bank's assignee and as a matter of well-settled Kentucky law, PRA was entitled to request that the lower court award it statutory prejudgment interest from the date of charge off.[13]  PRA asserted that because it was entitled to such an award of statutory prejudgment interest under Kentucky law, PRA did not violate Kentucky law and therefore did not violate the FDCPA.[14]  Second, PRA argued that even if it was not entitled to an award of statutory prejudgment interest, PRA's mere <u>request</u> for the same in the state court collection complaint did not, as a matter of law, give rise to an FDCPA violation.[15]

---

[10] Am. Compl., RE 10, ¶¶ 20, 23-31, Page ID# 92-93.
[11] Am. Compl., RE 10, ¶ 52, Page ID# 95-96.
[12] Motion to Dismiss, RE 12, Page ID# 101-17.
[13] Motion to Dismiss, RE 12, Page ID# 107-10.
[14] Motion to Dismiss, RE 12, Page ID# 107-10.
[15] Motion to Dismiss, RE 12, Page ID# 110-16.

3

The United States District Court for the Eastern District of Kentucky agreed with both of PRA's arguments and granted PRA's Motion to Dismiss in its entirety.[16] Specifically, the lower court held that PRA's request in the state court collection complaint for statutory prejudgment interest on the charged-off debt was not improper under Kentucky law and dismissed Stratton's complaint for failure to state a claim.[17] The court explained that

> PRA's request for statutory prejudgment interest under KRS § 360.010 from the date that Stratton's account was charged-off was not improper. Because KRS § 360.010 operates in the absence of a contractually agreed upon rate of interest, and because a waiver must be clear and unequivocal, the fact that GE waived its right to collect *contractual* interest on the debt did not necessarily waive its right to collect *statutory* interest. Where GE had such a right, PRA steps into its shoes and acquires that right.[18]

The lower court could have ended its opinion with a finding that the request for statutory prejudgment interest was proper. However, the lower court further held that, even if PRA's request for statutory prejudgment interest was improper, PRA's mere request to the state court does not constitute a violation of the FDCPA.[19] Specifically, the court found that "a prayer for relief of prejudgment interest is a request for judicial relief," which is not an "unsupervised demand."[20] "Based on the language in PRA's [state court collection] complaint, even an unsophisticated

---

[16] Memorandum Opinion and Order, RE 17 ("Order"), Page ID# 182, 191.
[17] Order, RE 17, Page ID# 182, 191.
[18] Order, RE 17, Page ID# 182 (emphasis in original).
[19] Order, RE 17, Page ID# 182.
[20] Order, RE 17, Page ID# 182.

4

consumer would have understood that the request for interest was just a request, and would not have been mislead by it."[21]  The lower court dismissed Stratton's amended complaint in its entirety, and this appeal followed.

## SUMMARY OF THE ARGUMENT

Stratton's appeal simply restates many of the unpersuasive arguments that the district court properly rejected.  In short, PRA's state court action against Stratton to collect a debt properly requested that the state court award it 8% statutory prejudgment interest under Kentucky law from the date of charge off.  As the district court properly recognized, PRA fully complied with Kentucky law in seeking statutory prejudgment interest in its state court action and did not violate the FDCPA.

Stratton improperly asserts that a request for 8% statutory prejudgment interest, as permitted under KRS § 360.010, violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  Stratton argues, unpersuasively and without any legal support, that a waiver of the right to charge interest under a contract automatically operates as a waiver of the right to request that a state court judge award statutory prejudgment interest.  The district court properly held that PRA, as the original creditor's assignee, had the right to request statutory prejudgment interest separate and apart from the original creditor's waiver of the right to collect contract interest under the applicable credit card agreement.  Kentucky law specifically

---

[21] Order, RE 17, Page ID# 182.

5

permits PRA to seek statutory prejudgment interest in the amount of 8% per year on a liquidated demand from the date the amounts were due. As the district court explained, the original creditor's waiver of its right to collect contract interest had no bearing on PRA's right to request an award of statutory prejudgment interest in its state court complaint. Because PRA's collection complaint properly requested statutory prejudgment interest and not contractual interest, the district court appropriately concluded that PRA did not violate the FDCPA.

The district court could have ended its analysis with the recognition that PRA had the right to seek statutory prejudgment interest, and therefore PRA complied with Kentucky law and did not violate the FDCPA. However, the lower court went on to properly find that, even if the request for statutory prejudgment interest under Kentucky state law was improper, which it was not, PRA's mere act of <u>requesting</u> statutory prejudgment interest in a state court collection complaint was not false, deceptive, misleading, or unfair or unconscionable under the three FDCPA actions which Stratton accuses PRA of violating.

Specifically, as the district court confirmed, PRA's request for statutory prejudgment interest was merely an aspirational request to the state court, not a representation of the legal status of the debt, and therefore did not violate Section 1692e(2)(A)'s prohibition against falsely representing the character, amount, or legal status of the debt. The lower court also correctly found that PRA's act of filing a lawsuit requesting statutory prejudgment interest fails to constitute an "unfair or

6

unconscionable means" to collect a debt in violation of Section 1692f of the FDCPA. An ordinary state court collection complaint does nothing more than bring the factual and legal issues before the state court; it is not, as a matter of law, shockingly unfair or unjust in violation of Section 1692f. Likewise, the lower court rightly characterized PRA's request for statutory prejudgment interest in a complaint as action itself, not a "threat to take any action that cannot legally be taken" under Section 1692e(5) of the FDCPA. Stratton's goal of expanding Section 1692e(5) to apply to both a threat of action and action itself "would impermissibly expand the plain language of the statute."[22]

Finally, Stratton raises an argument for the first time on appeal that the district court's opinion dismissing her complaint violates the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"). At no point in her amended complaint or briefing in opposition to the motion to dismiss before the district court did Stratton mention TILA, and therefore Stratton's TILA argument is not ripe for consideration before this Court. Nor can Stratton slip a TILA argument into an appeal by alleging it was the district court who committed the violation in dismissing Stratton's amended complaint. Even if Stratton's TILA argument presented the required "exceptional circumstances" for consideration, her argument fails on the merits. Stratton erroneously conflates the obligations of a creditor who "accrues" finance charges on a debt with the ability of a

---

[22] Order, RE 17, Page ID# 188-89.

7

court to award prejudgment interest, which does not "accrue" on a debt over time, in a judgment issued by a court. She offers no authority for her novel position that a request for prejudgment statutory interest in a complaint for recovery of a debt falls under the purview of TILA, which would consequently require a debt collector to send financial statements of ostensibly "accrued" statutory prejudgment interest prior to filing a complaint and prior to any interest being awarded by the state court.

For the foregoing reasons and as explained in more detail below, the Court should affirm the opinion of the district court dismissing Stratton's amended complaint for failure to state a claim.

## ARGUMENT

## I.   LEGAL STANDARD

This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 324 (6th Cir. 2007); *Simon v. Pfizer Inc.*, 398 F.3d 765, 772 (6th Cir. 2005). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010). The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true, "[y]et, to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all

material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). "We need not accept as true legal conclusions or unwarranted factual inferences," *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), and "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson*, 510 F.3d at 634 (internal citation omitted). The Court "may affirm on any grounds supported by the record even if different from the reasons of the district court." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

## II.   THE DISTRICT COURT PROPERLY DISMISSED THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

### A.   The District Court Properly Interpreted and Applied KRS § 360.010.

The district court properly recognized PRA's right to request statutory prejudgment interest under KRS § 360.010 in a complaint filed in state court to collect the amount of Stratton's debt. Kentucky law expressly permits an award of pre-judgment statutory interest on liquidated damages, such as a charged-off debt. By statute, the "legal rate of interest is eight percent per annum," which runs as a matter of right on a liquidated demand. KRS § 360.010; *see also 3D Enterprising Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005) ("Prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands.").

9

Further, it is well settled that prejudgment interest accrues from the date of breach. *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 144 (Ky. 1991) ("If the breach consists of a failure . . . to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.") (quoting RESTATEMENT (SECOND) OF CONTRACTS § 354 (1981)); *Helton v. Hoskins*, 278 Ky. 352, 354, 128 S.W.2d 732, 733 (Ky. 1939) ("Where money is due at a fixed time, interest starts from that date, even though the amount is not certain or fixed."). Accordingly, under well settled Kentucky law, PRA properly requested that the state court award it statutory prejudgment interest from the date of charge off through the date of judgment.

1.    Stratton Misunderstands the Lower Court's Opinion.

Stratton presents many variations on the same flawed argument to claim that the district court improperly construed KRS § 360.010. First, she claims that the court misinterprets the plain language of the statute itself, then that the misinterpretation is unconstitutional for "allow[ing] a creditor to pick and choose between a judgment awarding it a contract rate of interest or a statutory rate of interest." Brief at 18-20. Stratton next confuses the opinion of the district court to claim that it ostensibly held "that GE Money Bank had both a contractual right and statutory right to pre-judgment interest under KRS § 360.010 . . ." Brief at 17.

10

The district court made no such finding, nor did PRA ever claim that KRS § 360.010 provided a contractual <u>and</u> statutory right to pre-judgment interest. Rather, the district court properly explained that KRS § 360.010 "operates ***in the absence*** of a contractually agreed upon rate of interest."[23] Thus, contrary to Stratton's assertions, the lower court correctly held that because no contract interest was being charged, Kentucky law permitted PRA to request statutory prejudgment interest.

    2.    Stratton Misconstrues the Effect of GE's Waiver of Its Right to <u>Collect Contractual Interest Under KRS § 360.010.</u>

PRA clearly complied with KRS § 360.010 in requesting statutory prejudgment interest of 8% in its state court complaint. Stratton wrongly claims that the written agreement controlled the rate of interest regardless of GE's waiver of its right to collect contractual interest – implying that PRA should have charged the contractual interest rate of 21.99%, if charging interest at all. Stratton further contends, without legal authority on point, that under KRS § 360.010, the existence of a <u>contractual</u> right to interest of 21.99% forecloses recovery of <u>statutory</u> pre-judgment interest at the rate of 8%. Brief at 17.

The plain language of KRS § 360.010 does not suggest that the existence of a written agreement that provided for a higher interest necessarily mandates that "GE Money Bank could not have collected [lower] pre-judgment statutory interest" when the creditor waived the right to collect interest under the contract. *See* Brief at 17.

---

[23] Order, RE 17, Page ID# 182 (emphasis added).

11

Stratton does not dispute that GE and consequently PRA, as assignee, waived the right to charge contractual interest. The district court acknowledged that "Kentucky law does not address whether GE's decision to forego the 21.99% contractual interest necessarily means that it may not charge Stratton the lower statutory interest rate of 8% for the period in question."[24] However, the district court pointed out that, "[a]lthough Stratton argues that contractual interest and statutory interest are 'mutually exclusive,' this does not establish that statutory interest was unavailable to GE because GE was no longer charging interest under the contract, leading to the logical conclusion that the lower rate of statutory interest would be collectible."[25]

Stratton does not cure that deficiency in her appeal: she does not (nor can she) allege that GE or PRA waived its right to request that the state court award it statutory prejudgment interest, and she does not (nor can she) support her argument with any legal authority that a waiver of contractual interest necessarily also waives the right to request and ultimately be awarded statutory pre-judgment interest.

Waiver under Kentucky law is "a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party at his option might have demanded or insisted upon." *Dunn v. Gordon Food Servs., Inc.,* 780 F. Supp. 2d 570, 576 (W.D. Ky. 2011). Simply put, Stratton's amended complaint never alleged that GE voluntarily and intentionally surrendered its right to

---

[24] Order, RE 17, Page ID# 180.
[25] Order, RE 17, Page ID# 180.

12

statutory prejudgment interest by no longer charging Stratton contract interest (nor could she so allege). Therefore, KRS § 360.010 applies as a matter of law. *See Katzman v. Helen of Troy Tex. Corp.*, Case No. 12 Civ. 4220, 2013 U.S. Dist. LEXIS 53396, at *10 (S.D.N.Y. Apr. 11, 2013) (finding that without a "clear and express … unmistakably manifest … intent to forego prejudgment interest," a party did not waive its right to assert a claim for statutory prejudgment interest despite an agreement's broad waiver of "all other rights and remedies with respect to any matter in any way relating to this Agreement").

As a matter of law, the mere fact that GE stopped charging contract interest does not equate to an "intentional relinquishment" of a "known right" to seek statutory prejudgment interest in a complaint. *See Dunn,* 780 F. Supp. 2d at 576. Stratton asserts that her amended complaint expressly includes an allegation that GE Money Bank did not "charge" statutory prejudgment interest, because "any interest," as referenced in the amended complaint, "necessarily includes both contractual and statutory interest." Brief at 42. Her assertion is both disingenuous and irrelevant. The context of Stratton's amended complaint clearly indicates her intention to distinguish between contractual interest, which she avers that GE waived, from statutory prejudgment interest, which she pleads was improperly sought by PRA.[26] Furthermore, Stratton again mistakenly presumes that a creditor can "charge" or

---

[26] Am. Compl., RE 10, ¶¶ 20, 24-25, Page ID# 92-93.

"accrue" statutory prejudgment interest.  To the contrary, here, statutory prejudgment interest was not "charged" but merely requested as part of a state court collection complaint.

Once GE charged off Stratton's debt, the balance that remained constituted liquidated damages as a matter of law.  Because there was no contractually agreed upon rate being assessed after charge-off, the statutory rate under KRS § 360.010 applied as a matter of law.  *Reliable Mech., Inc., v. Naylor Indus. Servs.*, 125 S.W.3d 856, 857 (Ky. Ct. App. 2003) ("Absent a contractually agreed upon rate, the appropriate rate of interest is governed by statute.  KRS § 360.010 (setting the legal rate of interest in general) provides that the 'legal rate of interest is eight (8%) percent per annum.'"). As the district court properly held, "the fact that GE waived its right to collect contractual interest on the debt did not necessarily waive its right to collect statutory interest."[27]  Stratton offers nothing in her appeal to dispute the district court's finding. PRA's collection complaint, which requested the precise amount of interest allowed by Kentucky law, therefore complied with KRS § 360.010 as a matter of law.

Finally, because it is undisputed that PRA stepped into the original creditor's shoes as an assignee, PRA has the same rights as the original creditor to request statutory prejudgment interest from the date of charge-off.   Stratton again misunderstands the lower court opinion when she argues that "under the district

_____

[27] Order, RE 17, Page ID# 182 (emphasis added).

14

court's ruling, PRA has rights against Stratton greater than those possessed by GE Money Bank." Brief at 28. The district court in no way afforded to PRA rights greater than those held by the original creditor. To the contrary, the lower court held that, "[w]here GE had such a right, PRA steps into its shoes and acquires that right."[28] The lower court further explained that "courts have routinely awarded prejudgment interest to an assignee for the time period prior to its assignment of the contract."[29] Stratton failed to recognize "clear precedent holding that an assignee steps into the shoes of an assignor under Kentucky law"[30] in her district court argument, and she continues to ignore the basic legal principles regarding assignment in her appeal.

Accordingly, because PRA properly requested statutory prejudgment interest, PRA did not violate Kentucky law. As such, PRA did not commit an FDCPA violation and the lower court properly dismissed Stratton's amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This Court therefore should affirm the lower court's order in its entirety.

**B.    The District Court Properly Held that PRA Did Not Violate the Fair Debt Collection Practices Act.**

Stratton's entire amended complaint and present appeal is premised on the claim that "PRA violated the FDCPA by attempting to collect interest from her to

---

[28] Order, RE 17, Page ID# 182.
[29] Order, RE 17, Page ID# 181 (citing *Insituform Techs., Inc. v. Cat Contr., Inc.*, 518 F. Supp. 2d 876, 882 n.3 (S.D. Tex. 2007); *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1288 (10th Cir. 1988).
[30] Order, RE 17, Page ID# 181.

15

which it had neither a contract nor statutory right to collect." Brief at 32. The district court correctly held that PRA's request for prejudgment statutory interest under KRS § 360.010 was proper, as discussed in detail *supra*, thereby foreclosing any potential violation of the FDCPA.[31] The district court also went further and correctly held that even if PRA was not entitled to statutory prejudgment interest (which it was), PRA's mere <u>request</u> to the state court for prejudgment interest does not violate the FDCPA as a matter of law.[32]

1.    The Statutory Framework and Intent of the FDCPA.

The FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt" and the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligations) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692e, f(1). The FDCPA serves to protect consumers from abusive, deceptive, and unfair debt collection practices, such as "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a

_____

[31] Order, RE 17, Page ID# 182.
[32] Order, RE 17, Page ID# 182.

16

consumer through false pretense, impersonating public officials and attorneys, and simulating legal process."[33]

As the district court acknowledged, the FDCPA was not designed to convert every violation of state law into a federal cause of action.[34] *See Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004) (holding an alleged violation of a state licensing statute did not amount to an FDCPA violation because "[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of state debt collection law into a federal violation."); *Richardson v. AllianceOne Receivables Mgmt, Inc.*, Case No. 03 Civ. 5519 (DLC), 2004 U.S. Dist. LEXIS 6943, at *3 (S.D.N.Y. Apr. 23, 2004) (holding an agency's alleged violation of a city ordinance was not an FDCPA violation); *Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994) (finding that the contention that every violation of state law raises a federal claim under the FDCPA "reflects a false, narrow, and overly mechanical reading" of the statute).

To determine whether a debt collector's actions are deceptive or unfair under the FDCPA, "courts apply an objective test based on the understanding of the least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (internal citations omitted). The primary purpose is to protect the "gullible as

---

[33] Order, RE 17, Page ID# 183 (*citing Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009).
[34] Order, RE 17, Page ID# 184.

17

well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008). "[A]lthough this standard protects naïve consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438-39.

      2.    <u>PRA Did Not Violate Section 1692e(2)(A) of the FDCPA.</u>

The district court properly held that PRA's request for statutory prejudgment interest in its state court collection complaint was an aspirational "request for judicial relief" and not a misrepresentation as contemplated by the FDCPA.[35] As the lower court noted, "even an unsophisticated consumer would have understood that the request for interest was just a request, and would not have been mislead by it."[36]

Section 1692e(2)(A) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt [including the] false representation of the character, amount, or legal status of any debt."    15 U.S.C. § 1692e(2)(A).  Whether language used by a debt collector is deceptive or misleading is determined from the perspective of the least sophisticated consumer. *See Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir. 2009). The test asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might

─────────────────────

[35] Order, RE 17, Page ID# 185.
[36] Order, RE 17, Page ID# 185.

18

yet be misled by them. *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Harvey*, 453 F.3d at 330. "The unsophisticated consumer test is a practical one, and statements that are merely 'susceptible of an ingenious misreading' do not violate the FDCPA." *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002) (*quoting White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000)); *see also Scioli v. Goldman v. Warshaw P.C.*, 651 F. Supp. 2d 273, 280 (D.N.J. 2009) ("An unsophisticated debtor is presumed to have read the summons and complaint, and after reading those documents, he could only conclude that [the debt collector] had initiated a lawsuit seeking the amounts itemized in the summons.").

As recognized by the district court, the mere request for prejudgment interest in the state court collection complaint is not a Section 1692e(2)(A) violation.[37] The lower court's finding is consistent with prior decisions by state and federal courts that find requests for prejudgment interest in actions to collect a debt do not constitute violations of the FDCPA. *See, e.g., McLean v. Ray*, 488 Fed. Appx. 677 (4th Cir. 2012) (affirming the court's rejection of allegations that a request for prejudgment interest violated the FDCPA); *Hrivnak v. NCO Portfolio Mgmt.*, Case No. 1: 10 DC 00646, 2014 U.S. Dist. LEXIS 13848, at *12 (S.D. Ohio, Jan. 28, 2014) (finding that a request for "interest in a state court complaint cannot be characterized as a false representation or

---

[37] Stratton's claim that KRS § 360.010 is "self-executing" is misplaced and irrelevant. Brief at 32-33. Of course prejudgment interest – as noted in its very terminology – "constitute[s] compensation that can only be obtained through a duly entered judgment." Brief at 33. But Stratton fails to recognize that the request for statutory prejudgment interest in a complaint is not a <u>charge</u> to her directly, but a request to the court for amounts due by law.

unfair practice" in violation of the FDCPA); *Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016 (E.D. Wisc. 2013) (dismissing claims that efforts to collect pre-verdict interest violated the FDCPA); *Unifund CCR Partners v. Carol Harrell*, No. 2-CI-00661 (Nelson Circuit Court, KY) (attached as Exhibit A) (expressly holding that the act of requesting statutory prejudgment interest under KRS § 360.010 in a complaint does not violate the FDCPA).

For example, in *Unifund v. Harrell*, a Kentucky case with facts identical to the present case, Unifund purchased a debt that had been charged-off by the original creditor. Unifund, as assignee, then filed a collection suit and requested that the state court award it 8% statutory prejudgment interest from the date the debt was charged-off. *Id.* In response to Unifund's collection complaint, Harrell filed a putative class action counterclaim alleging, just as in Stratton's case, that the request for statutory prejudgment interest violated the FDCPA. Unifund moved the court to dismiss the consumer's allegations. The court held that Unifund's request for statutory prejudgment interest in the state court collection complaint did not give rise to an FDCPA violation. The Kentucky state circuit court reasoned that a request for statutory interest in a state court complaint has nothing to do with the original creditor's failure to charge contract interest. *Id.*

This Court also recently affirmed a finding that a request for costs prior to entry of a judgment does not violate the FDCPA. *See Clark v. Main Street Acquisition Corp.*, Case No. 13-3769, 2014 U.S. App. LEXIS 1750 (6th Cir. Jan. 27, 2014). In

*Clark*, the plaintiff argued in part that a demand for costs from a debtor prior to a court awarding such costs constituted a false representation under the FDCPA. *Id.*, 2014 U.S. App. LEXIS 1750, at *8-9. This Court affirmed judgment in favor of the debt collector and found that "the simple request for costs in an unstated amount, where such costs are permitted by state law to the prevailing party, is not a false representation and does not violate 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), or 15 U.S.C. § 1692e(10)." *Id.*, 2014 U.S. App. LEXIS 1750, at *9.

Here, just as in the *Harrell* case and similar to the *Clark* case, PRA made a routine request for statutory prejudgment interest which is awarded as a matter of right pursuant to KRS § 360.010 on liquidated claims. PRA's request for statutory interest did not depend on GE's contract with Stratton. Therefore, PRA is entitled to seek from the trial court statutory prejudgment interest as a matter of Kentucky law, notwithstanding any contractual right to interest which may have been waived by GE.

PRA's state court collection complaint is nothing more than an aspirational request to the state court for an award of damages. This is neither an unlawful demand, nor a false, deceptive, or misleading representation of the character, amount, or legal status of her debt as contemplated by the Section 1692e(2)(A) of the FDCPA. The district court rightly explained that "there are sound and rational reasons for distinguishing between claims made in court from the type of abusive tactics most

often invoked under the FDCPA."[38]    Moreover, the lower court emphasized that courts can protect against abusive litigation tactics separate and apart from the FDCA through judicial process:

> A grossly exaggerated debt or unfounded claim in a pleading could represent an abuse of process, and subject the attorney or client to sanctions or other disciplinary mechanisms. Given these protections, when a claim is made to the court, there is no need to invoke the protection of a statute designed to protect consumers from unscrupulous, unsupervised debt collection tactics such as threats of violence and harassing telephone calls.[39]

The district court's finding is consistent with other federal case law interpreting the FDCPA in stating that a request "for relief in a complaint … is just that: a request to a third party – the court – for consideration, not a demand to the debtor himself." *Leone v. Credit Card Receivables Fund, Inc.*, Case No. 09-CV-21612, 2009 U.S. Dist. LEXIS 131479 (S.D. Fla. Nov. 4, 2009) (*citing Argentieri v. Fisher Landscapes*, 15 F. Supp. 2d 55, 61-62 (D. Mass. 1998) ("The whole purpose of regulating debt collection was to 'supervise' a range of unsupervised contacts, such as demand letters and late-night telephone calls. In contrast, a statement in a pleading is supervised by the court and monitored by counsel.")).

Stratton's argument that PRA is not entitled to statutory prejudgment interest is nothing more than her defense to PRA's request for interest in the state action; PRA's

---

[38] Order, RE 17, Page ID# 184.
[39] Order, RE 17, Page ID# 184-185 (*quoting Argentieri v. Fisher Landscapes, Inc.*, 15 F. Supp. 2d 55, 62 (D. Mass. 1998)).

22

mere request, however, even if denied in the state court, does not, as a matter of law, give rise to a federal FDCPA violation. *See Hemmingsen v. Messerli & Kramer, P.A* ., 674 F.3d 814, 819 (8th Cir. 2012) (a state court's rejection of an allegation pled in a complaint "does not prove that those assertions were false or misleading for purposes of [the FDCPA]."); *Barrett v. Messerli & Kramer, P.A* ., Case No. 11-2722, 2012 U.S. Dist. LEXIS 59190, at *2, *7-8 (D. Minn. Apr. 12, 2012) (a debt collector did not violate the FDCPA by requesting a contingency fee as attorney fees, even though state law allegedly prohibited the collection of a contingency fee from a debtor). Accordingly, the district court properly dismissed Stratton's claim under Section 1692e(2)(A).

  3.    PRA Did Not Violate Section 1692f(1) of the FDCPA.

The district court also properly held that PRA did not violate Section 1692f(1) of the FDCPA, which prohibits a debt collector from using "unfair and unconscionable means to collect or attempt to collect any debt," including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."[40] As the court observed, Stratton does not cite and cannot cite any legal authority to support her proposition that the mere filing of an action to collect a debt with a request for statutory prejudgment interest amounts

---

[40] Order, RE 17, Page ID# 189-90 (*quoting* 15 U.S.C. § 1692f(1)).

23

to an "unfair or unconscionable" action within the meaning of the FDCPA.[41]  To the contrary, the prohibition articulated in Section 1692f "does not take a state-law dispute and move it to federal court."[42]

The recitation of case law Stratton provides is entirely inapposite.  She cites no case that involves a request for prejudgment interest in a state court action to collect a debt, let alone provides any instance where a court has held that a request for prejudgment interest in a state court complaint violates Section 1692f(1).  Instead, Stratton relies on a line of cases where debt collectors seek interest in amounts calculated at rates higher than the rate permitted by statute.  *See generally* Brief at 36-37.  Thus she cannot support her claim for a violation of Section 1692f(1) of the FDCPA.  *See also Clark*, 2014 U.S. App. LEXIS 1750, at *10 (finding no authority to support a claim that a reference to costs in an effort to collect a debt violates Section 1692f or 1692f(1) of the FDCPA).

The plain meaning of "unfair" is to be "marked by injustice, partiality, or deception," while "unconscionable" means to be "shockingly unfair or unjust."  Merriam-Webster Dictionary, 2009.  As the district court accurately held, PRA's mere request for statutory prejudgment interest in a state court complaint "was not

_____

[41] Order, RE 17, Page ID# 190.
[42] Order, RE 17, Page ID# 190; *see also Currier v. First Resolution Inv. Corp.*, No. 12-223-DLB, 2013 U.S. Dist. LEXIS 93476, at *11 (E.D. Ky. July 3, 2013).

improper, much less unfair or unconscionable."[43]  Thus, the district court properly dismissed Stratton's claim under Section 1692f(1).

4.    PRA Did Not Violate Section 1692e(5) of the FDCPA.

Finally, the district court properly dismissed Stratton's claim under Section 1692e(5), which prohibits a debt collector from making a "threat to take any action that cannot legally be taken" or that "is not intended to be taken."[44]  To establish a claim under this section of the FDCPA, a plaintiff must allege facts to support two elements: (1) a threat to take an action against the consumer, and (2) a showing that (a) the action cannot be legally taken, or (b) a showing that the debt collector did not actually intend to undertake the threatened action.[45]  Stratton cannot support either required element.

It is well settled in the lower courts within the Sixth Circuit that Section 1692e(5) applies to threats of action, but does not apply to actual action itself, which would be governed by a separate FDCPA provision.  As the district court recognized, the state court complaint filed by PRA was not a threat to take action, but action itself.[46]  The district court's finding is consistent with significant precedent that recognizes the statute's plain language shows a clear intent to distinguish between a threat to take action and actual action.  *See, e.g., Currier*, 2013 U.S. Dist. LEXIS 93476

---

[43] Order, RE 17, Page ID# 190.
[44] *See* Order, RE 17, Page ID# 187; U.S.C. § 1692e(5).
[45] Order, RE 17, Page ID# 188; *Currier*, 2013 U.S. Dist. LEXIS 93476.
[46] Order, RE 17, Page ID# 188.

25

(finding that an attempt to execute on a judgment did not amount to a threat to take action, but was actual action, and therefore not a 1692e(5) violation); *Wilson v. Asset Acceptance, LLC*, 864 F. Supp. 2d 642, 644 (E.D. Ky. 2012) (holding that "rather than threatening action intended to induce payment of a disputed debt, Defendant merely sought to enforce a final judgment that had already been entered in its favor," thus finding there was no "'threat' as contemplated by the FDCPA"); *Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005) (holding that Section 1692e(5) does not apply to actions taken, only to a threat of action, and that filing a collection complaint is actual action and cannot form the basis of an e(5) claim). *See also Okere v. Palisades Collection, Inc.*, Case No. 12 Civ. 1453 (GWG), 2013 U.S. Dist. LEXIS 40840 (S.D.N.Y. Mar. 22, 2013) ("because section 1692e(5) prohibits only threats, and because the complaint alleges an illegal act, not a threat, it does not come within section 1692e(5)"); *Dicesari v. Asset Acceptance LLC*, Case No. 11-CV-6815, 2012 U.S. Dist. LEXIS 133168 (E.D. Pa. Sept. 18, 2012) (dismissing claims under Section 1692e(5) because "the Plaintiff only alleged an actual action taken – namely, the filing of the state court complaint – and points to no other threats of action"); *Fick v. Am. Acceptance Co.*, Case No. 3:11 CV 229, 2012 U.S. Dist. LEXIS 43761 (N.D. Ind. Mar. 28, 2012) (dismissing claims and finding that the plain language of Section 1692e(5) does not prohibit the taking of an action that cannot legally be taken, but only prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken").

26

Stratton urges this Court, as she did the district court, to obliterate the distinction between "threat" to take action and actual "action." In support of her argument, she relies on her misunderstanding of this Court's unpublished ruling in *Gionis v. Javitch, Block & Rathbone, LLP*, 238 Fed. Appx. 24 (6th Cir. 2007). In *Gionis*, a debt collector attached to a state court complaint an affidavit that maintained the collector was permitted to recover attorneys' fees on a debt to the extent permitted by Ohio law, though Ohio law did not allow recovery of attorney fees in connection with any claim involving the type of debt that Gionis owed. *Id.* at 2-3. A panel of the Sixth Circuit found that the affidavit was not an action itself, but constituted a threat that attorneys' fees would accrue if the debt was not paid, which was a threat to take an action that cannot legally be taken in violation of Section 1692e(5). "[E]ven if the least sophisticated consumer would view the Affidavit's attorney fees language as an actual 'attempt' to collect attorney fees, the attempt would nonetheless embody an ongoing threat that likely higher attorney fees would be assessed so long as the litigation continues – an action that cannot legally be taken in Ohio." *Id.* at 13. Beyond the fact that *Gionis* dealt with a threat of action, *Gionis* also is readily distinguishable in that it involved language in an affidavit threatening to pursue attorneys' fees as accruing on the debt owed; it was not a request directly to the court for prejudgment interest within the complaint itself as allowed by statute.

27

Stratton's efforts to collapse the distinction between "threat" and "action," as noted by the district court, would "impermissibly expand the plain language" of the FDCPA.[47]  PRA made no threat to take action but instead filed a complaint, which constituted actual action. The district court therefore was correct to dismiss Stratton's claims under Section 1692e(5), and this Court should affirm the lower court's decision in its entirety.

**C.    Stratton's TILA Argument Is Improper and Inapplicable.**

Stratton's appeal introduces the novel argument that the district court's ruling somehow violates the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA").  As an initial matter, the district court is not a party to this action but the arbiter of the judicial process.  Thus, the district court cannot "violate" TILA by construing KRS § 360.010 to permit PRA to seek statutory prejudgment interest of 8% in its state court complaint.

In addition, Stratton did not raise any TILA claim or any TILA argument in her amended complaint.  As a matter of well-settled law, this Court cannot allow Stratton to raise a new argument for the first time on appeal and to introduce a TILA violation indirectly by suggesting it is the district court, rather than PRA, who committed the violation.  Even if this Court could properly hear Stratton's argument that PRA violated TILA, which it cannot, her argument fails as a matter of law.

---

[47] Order, RE 17, Page ID# 188.

28

1.    This Court Cannot Hear Stratton's TILA Argument for the First
Time on Appeal.

Stratton has waived any argument relating to TILA as she did not raise TILA in her amended complaint or in argument before the district court. The United States Supreme Court has firmly established that appellate courts generally are not to consider an issue brought for the first time on appeal. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 n.3, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999). "It is well settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *Hood v. Tenn. Student Assistance Corp.*, 319 F.3d 755, 760 (6th Cir. 2003) (internal citations omitted); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (finding "an argument not raised before the district court is waived on appeal to this Court"); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (holding that this Court "will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice"). "Where a plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." *Humphrey v. United States AG Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008). Here, Stratton does not so much as acknowledge her failure to raise a TILA argument to the district court, let alone justify raising an argument now in order to avoid a miscarriage of justice. Her TILA argument therefore is waived.

This Court has, on occasion, deviated from the general rule that it will not consider arguments for the first time on appeal only in "exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice." *Pinney Dock and Transport Co. v. Penn Central Corp.*, 838 F.2d 1445, 1461 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S. Ct. 196, 102 L. Ed. 2d 166 (1988) (internal citations omitted). The exceptions to the general rule, however, are narrow. This Court stated in *Pinney Dock* that it may reach an issue if it "is presented with sufficient clarity and completeness" for the court to resolve it. *Pinney Dock*, 838 F.2d at 1461. The so-called "*Pinney Dock* exception" is most commonly applied where the issue is one of law, not fact, and further development of the record is unnecessary. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993). The rationale for the exception is to promote finality in the litigation process. *Pinney Dock*, 838, F.2d at 1461.

Stratton's novel argument regarding TILA does not fall within the *Pinney Dock* exception, nor does she present the Court with any reason why her TILA argument may constitute an "exceptional circumstance." First, a TILA issue was not developed with the requisite "sufficient clarity and completeness" for the court below; indeed, TILA was not mentioned at all in Stratton's complaint, amended complaint, or any of the briefs to the district court. Second, the argument requires further development of the record to resolve, as nothing in the current record speaks to the application of TILA to the facts at hand. Finally, a finding in favor of Stratton would not promote the purpose of the *Pinney Dock* exception to prevent further litigation. To the

30

contrary, such a finding would require litigating the claims anew and amendment of the amended complaint to include a TILA violation. Therefore, the Court should not consider Stratton's TILA argument.

2.    Stratton's TILA Claim Fails as a Matter of Law.

Even if Stratton could properly raise a TILA violation, which she cannot, her argument fails as a matter of law. Stratton wrongly claims that under TILA, "GE Money Bank was required to send her periodic statements if it was in fact charging and accruing statutory prejudgment interest under KRS § 360.010 on Stratton's credit card account *unless* GE Money Bank had deemed the debt uncollectible." Brief at 24. Stratton, however, conflates contract interest, which is charged and accrued, with statutory prejudgment interest, which is requested in a complaint as an element of damages. Further, as Stratton herself acknowledges, GE Money Bank clearly deemed the debt uncollectible by charging off her account in 2008 and recording the amount owed as a loss.[48]

Without a single authority to support her argument, Stratton then stretches the bounds of language to state that prejudgment interest as defined by KRS § 360.010 "clearly falls within TILA's extremely broad definition of 'finance charge.'" Brief at 22. Stratton's argument presents a fundamental misunderstanding of the nature of statutory prejudgment interest. Prejudgment interest is not "accrued" on a potential

---

[48] Am. Compl., RE 10, ¶¶ 16-17, Page ID# 92.

judgment in the way that a finance charge accrues on a debt. Rather, prejudgment interest is considered part of a party's compensatory damages. The purpose of awarding prejudgment interest is "to insure that an injured party is fully and fairly compensated for his loss. In other words, prejudgment interest is a means by which a party who is entitled to an award can collect the proceeds from funds he presumably would have had the use of had it not been for defendant's conduct." *Brown v. Consolidated Rail Corp.*, 614 F. Supp. 289, 291 (N.D. Oh. 1985); *see also Bailey v. Container Corp. of Am.*, 660 F. Supp. 1048, 1055 (S.D. Oh. 1986) ("Prejudgment interest . . . is designed to serve as compensation or indemnity for the use or detention of money due or found to be due. An award . . . is thus intended as compensation for the plaintiff's lost use of funds during the time between the infliction of damage and the plaintiff's recovery.") (internal citations omitted).

Stratton claims that GE Money Bank waived its right to collect statutory prejudgment interest because it did not send monthly statements to Stratton, but she cannot provide a single authority that requires a creditor to provide a debtor with monthly financial statements reporting amounts of statutory prejudgment interest. *See* Brief at 24. This is because statutory prejudgment interest is not a finance charge, but an element of damages, which accrues as a matter of right on a liquidated claim under Kentucky law.

As an assignee who stood in the shoes of GE Money Bank, PRA was entitled to seek statutory prejudgment interest as part of its compensatory damages sought in

32

state court. PRA had no obligation to submit invoices for its damages to Stratton prior to filing or following the filing of its complaint. Stratton's claim that the district court's opinion violates TILA – by action either of PRA or of the court itself – fails as a matter of law.

## CONCLUSION

This Court should affirm the judgment of the district court in dismissing Stratton's amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*s/Joseph N. Tucker*
Joseph N. Tucker
DINSMORE & SHOHL, LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2360

33

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,450 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and 6 Cir. R. 32(b).  I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 with 14-point Garamond.

*s/Joseph N. Tucker*
JOSEPH N. TUCKER

## DESIGNATION OF RELEVANT LOWER COURT DOCUMENTS

| Record Entry | Description | Page ID# Range |
| --- | --- | --- |
| 1 | Complaint | 1-7 |
| 10 | Amended Complaint | 90-96 |
| 10-1 | Amended Complaint, Exhibit A | 97-98 |
| 10-3 | Amended Complaint, Exhibit C | 100 |
| 12 | Motion to Dismiss | 101-17 |
| 17 | Memorandum Opinion and Order | 175-91 |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2014, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

s/Joseph N. Tucker
JOSEPH N. TUCKER

# EXHIBIT A

## NELSON CIRCUIT COURT

CIVIL ACTION NO. 12-CI-00661                                    DIVISION 1

UNIFUND CCR PARTNERS                                         PLAINTIFF

VS.                                        ORDER

CAROL HARRELL                                                 DEFENDANT

* * * * *

On or about September 16, 2007, the defendant, Carol Harrell (hereinafter "Harrell"), opened a credit card account with CitiBank. An interest rate of 26% was thereafter charged on Harrell's account. However, on January 18, 2011, Citibank charged off Harrell's account with the sum of $1,472.58 being owed. On November 21, 2011, Citibank sold the Harrell account, and it was assigned to the plaintiff, Unifund CCR Partners (hereinafter "Unifund").

On April 10, 2012, Unifund filed a civil action against Harrell in the Nelson District Court, Case No. 12-C-00268. In its complaint, Unifund requested "the remaining charged-off balance of $1,472.58 plus interest currently accruing (and continuing to accrue) at the rate of eight percent (8%) per annum on the charged-off balance from the charge-off date of 01/18/2011 (which currently totals $92.56), for a total as of the date of this Complaint of $1,565.14".

On September 18, 2012, the parties appeared before the Nelson District Court on Harrell's motions for leave to file her first amended answer and to transfer the action to circuit court. As grounds, Harrell's first amended answer sets forth a counterclaim which alleges that Unifund violated the Fair Debt Collections Practices Act (hereinafter "FDCPA").

After the Nelson District Court granted the above motions, Unifund filed a motion to dismiss Harrell's counterclaim pursuant to Civil Rule 12.02(f). This Court then provided both parties with an opportunity to submit memorandums and oral arguments on this issue.

1

D & S

JUN 2 4 2013

D & S

Whenever a trial court considers a motion pursuant to Civil Rule 12.02, "the pleadings should be liberally construed in a light most favorable to the plaintiff and **all allegations taken in the complaint to be true**". Gall vs. Scroggy, 725 S.W.2d 867, 869 (Ky. App. 1987) (emphasis added). In addition, this Court should not grant said motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim". Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFl-CIO vs. Kentucky Jockey Club, 551 S.W.2d 801, 803 (Ky. 1977).

In this case, it is the Court's understanding that there are no factual disputes. Instead, there is legal issue as to whether Unifund's claim for pre-judgment interest violates the FDCPA.

By way of background, once Citibank decided to charge off Harrell's account, Citibank was no longer required to send any periodic statements to Harrell. In fact, Harrell has proffered an affidavit in which she contends that Citibank stopped sending statements to her following the charge off. However, after Citibank stopped sending periodic statements, it could no longer "charge any additional fees or interest on the account . . .". 12 C.F.R. Sec. 226.5(b)(2)(i).

In addition, once Unifund purchased Citibank's interest in the Harrell account, Unifund took Citibank's interest subject to all legal and equitable defenses that existed at the time of the assignment. Ky. Mutual Investment Co's Assignee vs. Schaefer, 85 S.W. 1098 (Ky. 1905).

To avoid dismissal herein, Harrell's counsel has cited Terech vs. First Resolution Management Corp., 854 F.Supp.2d 537 (N.D. Ill. 2012); and Simkus vs. Cavalry Portfolio Services, LLC, 2012 WL 1866542 (N.D. Ill. 2012). However, those decisions can be easily distinguished because those assignees were not seeking statutory pre-judgment interest. Instead, it appears that those assignees were seeking contractual interest.

2

This Court finds that Unifund's claim for prejudgment interest does not violate the FDCPA. As grounds, Harrell has failed to cite any authority for this type of lawsuit. In addition, 12 C.F.R. Sec. 226.5(b)(2)(i) addresses "interest on the account" which appears to be contractual in nature. Finally, this regulation is completely silent as to statutory prejudgment interest.

NOW, THEREFORE, THE PREMISES CONSIDERED, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. That the motion of the plaintiff, Unifund CCR Partners, to dismiss the defendant's counterclaim is hereby granted.

2. That this matter shall be remanded to the Nelson District Court, Case No. 12-C-00268, because the plaintiff's complaint is seeking less than $5,000.00.

3. That this Order is final and appealable with no just reason for delay.

DATED ___6/21/13___

_____
JUDGE, NELSON CIRCUIT COURT

DISTRIBUTION LIST:

✓ Joseph N. Tucker

✓ Elizabeth M. Shaffer

___ James R. McKenzie

___ James H. Lawson

✓ Clerk – please remand action to Nelson District Court

Clerk _Diane Thompson by mrm_   Date _6-21-13_____

Entered: __6-21-13____
DIANE THOMPSON, Clerk
Nelson Circuit & District Courts
By:___mrm___ Deputy Clerk

3