Case No. 13-6574

# United States Court of Appeals for the Sixth Circuit

Dede Stratton v. Portfolio Recovery Associates, LLC

Appeal from a dismissal with prejudice entered

by the U.S. District Court for the Eastern District of Kentucky

Appellant's reply brief submitted by,

/s/ James H. Lawson

James H. Lawson
Lawson at Law, PLLC
4055 Shelbyville Road
Suite B
Louisville, KY 40207

**Table of Contents**

Table of Authorities                                                                   i

I.     The District Court and PRA's Construction of          1
       KRS 360.010 Violates the Plain Meaning of the Statute

II.    PRA's FDCPA Violation                                         4

A.     Violation of 15 U.S.C. § 1692e(2)(A)                       5

B.     Violation of 15 U.S.C. § 1692f(1)                            10

III.   TILA                                                                      11

IV.    Ms. Stratton did Argue GE Money Bank's               13
       Waiver of Statutory Interest to the District Court

**Table of Authorities**

**Federal and State Cases**

*Barnes v. Winchell*, 105 F.3d 1111 (6th Cir. 1997)                      14

*Carrizosa v. Stassinos*, 2010 U.S. Dist. LEXIS 1456             10
       2010 WL 144807 (N.D. Cal. Jan. 10, 2010)

*Clark v. Main St. Acquisition Corp*., 2014 U.S. App. LEXIS 1750    7-8
       2014 WL 274469 (6th Cir. Ohio 2014)

*Crump v. Lafler*, 657 F.3d 393 (6th Cir. 2011)                          1

*Foster v. D.B.S. Collection Agency*,                                   9-10
       463 F. Supp. 2d 783 (S.D. Ohio 2006)

*Hrivnak v. NCO Portfolio Mgmt*., 2014 U.S. Dist. LEXIS 13848,    7
       2014 WL 350858 (N.D. Ohio Jan. 28, 2014)

*Lynch v. Lyng*, 872 F.2d 718 (6th Cir. 1989)                         2

*McDonald v. Asset Acceptance LLC*, 2013 U.S. Dist. LEXIS 110829          6
    2013 WL 4028947 (E.D. Mich. Aug. 7, 2013)

*McLean v. Ray*, 488 F. App'x 677 (4th Cir. 2012)          6

*Munoz v. Pipestone Fin., LLC*,          9
    513 F. Supp. 2d 1076 (D. Minn. 2007)

*Reliable Mech., Inc. v. Naylor Indus. Servs.*,          3-4
    125 S.W.3d 856 (Ky. Ct. App. 2003)

*Strange v. Wexler*, 796 F. Supp. 1117 (N.D. Ill. 1992)          10

*Simkus v. Cavalry Portfolio Servs., LLC*, 2014 U.S. Dist. LEXIS 9470          5-6, 11

    2014 WL 287499 (N.D. Ill. Jan. 27, 2014)

*Trease v. Tri-State Adjustments, Inc.*,          7
    934 F. Supp. 2d 1016 (E.D. Wis. 2013)

**Federal Statutes and Rules**

15 U.S.C. § 1692e(2)(A)          5, 8

15 U.S.C. § 1692e(5)          4

15 U.S.C. § 1692e(10)          8

15 U.S.C § 1691f(1)          10-11

**State Statutes and Rules**

KRS 360.010          *passim*

Ky. R. Civ. P. 8.04          8

**Secondary Sources**

44B Am. Jur. 2d *Interest and Usury* § 1          3

Both the district court and Appellee Portfolio Recovery Associates, LLC ("PRA") have done something truly remarkable and reckless in this case: both have attempted to construe a statute without once turning to or quoting any of the actual text of the statute. Rather, both rely exclusively on cases interpreting the statute in other contexts pertaining to either general principles or inapposite issues. It is like a sighted person with eyes wide open describing elephant as looking like a rope based on the feel of its tail in her or his hands. This perhaps explains why both the district court's and PRA's construction of KRS 360.010 is so wrong.

## I.    The District Court and PRA's Construction of KRS 360.010 Violates the Plain Meaning of the Statute

"The starting point of statutory analysis, of course, is the text of the statute itself." *Crump v. Lafler*, 657 F.3d 393, 401 (6th Cir. 2011). The text of KRS 360.010 is plain and clear. Parties to a written agreement that provides for the payment of interest in excess of the legal rate of interest of 8.00% per annum are bound to the contractual rate of interest. Any Kentucky law that proscribes a rate of interest, such the legal rate of 8.00% per annum under KRS 360.010, does not apply to the "agreement or to any charges which pertain thereto or in connection therewith."

KRS 360.010 provides in pertinent part:

> The legal rate of interest is eight percent (8%) per annum, but any party or parties may agree, in writing, for the payment of interest in excess of that rate…on money due or to become due upon any contract or other obligation in writing where the original principal amount is fifteen

-1-

> thousand dollars ($15,000) or less…; and *any such party or parties, and any party or parties who may assume or guarantee any such contract or obligation, shall be bound for such rate of interest as is expressed in any such contract,* obligation, assumption, or guaranty, and **no law** of this state **prescribing or limiting interest rates shall apply** *to any such agreement or to any charges which pertain thereto or in connection therewith.*

(Emphasis and bolding added).

In its brief, PRA repeatedly claims that Ms. Stratton failed to offer any law supporting her position. This is not true. Ms. Stratton relies on the best law possible: the plain meaning of the words of KRS 360.010. *See Lynch v. Lyng*, 872 F.2d 718, 720-721 (6th Cir. 1989) ("The most basic tenet of statutory construction holds that courts are required, where possible, to give words their plain, unambiguous meaning."). PRA makes no attempt to explain why the Court should not apply the plain and unambiguous meaning of the words of KRS 360.010 to this case.

The parties both agree that the original creditor GE Money Bank waived its right to accrue a contractual rate of interest on Ms. Stratton's credit card account after charge off. But the parties sharply disagree as to the significance of this waiver.

The contractual rate of interest in the credit card agreement between GE Money Bank and Ms. Stratton was 21.99%. Data Sheet, RE 10-3, **Page ID# 100.** When GE Money Bank charged off Ms. Stratton's credit card account this interest rate did not disappear. Rather, for prudent business reasons, GE Money Bank elected to stop charging and accruing contractual interest on Ms. Stratton's credit card

account in order to take advantage of the substantial financial benefits flowing from this waiver, such as favorable tax treatment and relieving itself of the burden of sending Ms. Stratton periodic statements. *See* Appellant's principle brief at 25-27. Indeed, PRA's own documents establish that the credit card account was still subject to a 21.99% interest rate on the date PRA purchased the debt. Data Sheet, RE 10-3, **Page ID# 100.**

Both the district court and PRA erroneously conclude that GE Money Bank's affirmative decision to waive its contractual right to charge and accrue interest on Ms. Stratton's credit card account creates an *absence* of a contractual right of interest. But this is simply not so.

Both the district court and PRA misconstrue *Reliable Mech., Inc. v. Naylor Indus. Servs.*, 125 S.W.3d 856 (Ky. Ct. App. 2003), which holds that "[a]bsent a contractually agreed upon rate, the appropriate rate of interest is governed by statute." *Id.* at 857. The facts of *Reliable Mechanical* make clear that there was no written agreement between the parties to the appeal that provided for interest. So under *Reliable Mechanical*, "[a]bsent a contractually agreed upon rate" means absent a written agreement that provides for interest. *See* 44B Am. Jur. 2d *Interest and Usury* § 1 ("'Legal interest' is defined as the rate of interest prescribed by law which will prevail in the *absence of a contract* between the parties fixing the rate.") (emphasis added). "Absent a contractually agreed upon rate" does not mean in the

absence of a creditor's exercising its contractual right to interest, which is how the district court and PRA interpret *Reliable Mechanical*.

Here, during the approximate thirteen months between charging off Ms. Stratton's credit card account and the sale of the underlying debt to PRA, a contractually agreed upon rate remained in place between GE Money Bank and Ms. Stratton. The contractual interest provision in Ms. Stratton's credit card agreement with GE Money Bank did not go away when GE Money Bank waived its right to collect the interest. There was no absence of a contractually agreed upon rate. Rather, GE Money Bank elected to waive its contractual right to interest. There was never an absence of agreement or contractual interest rate between the parties. GE Money Bank could have imposed and accrued contractual interest on Ms. Stratton's credit card account during this period if it had wanted to. GE Money Bank simply elected not do so.

## II.    PRA's FDCPA Violation

In its brief, PRA addresses each violation of the FDCPA as alleged in Ms. Stratton's federal complaint on a section-by-section basis. For the sake of consistency, Ms. Stratton addresses these arguments in the same sequence. (Ms. Stratton does not address any issue concerning 15 U.S.C. § 1692e(5) and rests on the argument in her principle brief on this point).

-4-

## A.    Violation of 15 U.S.C. § 1692e(2)(A)

§ 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…[t]he false representation of— the character, amount, or legal status of any debt.

PRA's state-court complaint was an attempt to collect a debt from Ms. Stratton. Paragraph 4 of PRA's state-court complaint affirmatively alleges that Ms. Stratton owed PRA "$2,630.95, with interest thereon at the rate of 8% per annum from December 19, 2008." Exhibit, RE 10-1, **Page ID# 98.** This allegation falsely represents that Ms. Stratton's debt is subject to statutory prejudgment interest from the date of charge off on December 19, 2008. This is a false representation of the character or legal status of the debt.

Paragraph 4 of the state-court complaint falsely represents the amount of the debt by averring that Ms. Stratton owed 8.00% interest on the principal amount of the debt during some thirteen months during prior to PRA's purchase of the debt. PRA did not have a statutory to accrue interest during this time. The original creditor did not have a statutory right to accrue interest during this time. So PRA's state court complaint violates § 1692e(2)(a). *Simkus v. Cavalry Portfolio Servs., LLC*, 2014 U.S. Dist. LEXIS 9470,12, 2014 WL 287499 (N.D. Ill. Jan. 27, 2014) ("When a debt collector tries to collect interest that a previous creditor had waived, the debt

collector violates § 1692e(2)(A).”); *McDonald v. Asset Acceptance LLC*, 2013 U.S. Dist. LEXIS 110829, 36, 2013 WL 4028947 (E.D. Mich. Aug. 7, 2013) (“Asset purchased the debts subject to the waiver, thereby precluding Asset from imposing interest or revoking the original creditors’ waiver. As such, Asset’s *false statements regarding the total amount of the debt in the collection actions* constitutes violations of § 1692e(2)(A) and § 1692f(1)”) (emphasis added).

PRA cherry picks language from several cases that are inapposite from the case at bar. Cursory examination of these case demonstrate that they do not support PRA’s argument.

For example, PRA cites *McLean v. Ray*, 488 F. App’x 677 (4th Cir. 2012). In *McLean*, debt collector was an attorney collect a debt on behalf of a nursing home. *Id.* at 679. The attorney filed a debt-collection complaint against the plaintiffs in state court. The plaintiffs argued that the debt-collection complaint violated the FDPCA because the complaint sought interest on amounts that were not yet due and payable. The *McLean* rejected the plaintiffs’ construction of the state-court complaint, agreeing with the district court’s assessment that “the complaint is fairly read as seeking only pre-judgment interest on the amounts past due at the time of judgment.” *Id.* at 683-84. So *McLean* does not address the issue here: whether affirmative allegations in a complaint that a debtor owes prejudgment interest for a

time period in which the debt collector has no legal right to collect such interest violates 15 U.S.C. § 1692e(2)(A).

Next, PRA cites *Hrivnak v. NCO Portfolio Mgmt*., 2014 U.S. Dist. LEXIS 13848, 10, 2014 WL 350858 (N.D. Ohio Jan. 28, 2014). *Hrivnak* concerns a language in a complaint's prayer for relief that asked for "statutory interest from the date of judgment [and] costs of this action." *Id.* at *12. Despite the district court and PRA's repeated misrepresentation of PRA's state-court complaint, this case concerns affirmative false allegations in the body of PRA's state complaint. Ms. Stratton's claims are not based on anything contained in the prayer for relief in PRA's state-court complaint.

Next, PRA cites to *Trease v. Tri-State Adjustments, Inc*., 934 F. Supp. 2d 1016 (E.D. Wis. 2013). *Trease* concerns a demand for interest contained in a dunning letter. *Id.* at 1017. The *Trease* Court determined that the interest demanded was permitted by Wisconsin law. *Id.* at 1018-19. But here, no law permitted either PRA or GE Money Bank to charge and accrue statutory interest on Ms. Stratton's credit card account during the time period between charge off and sale of the debt.

Finally, PRA obliquely argues that the FDCPA does not apply to claims arising out of allegations made in a debt-collection complaint. This argument focuses on case law addressing FDCPA claims based on language included in the prayer for relief in a state-court complaint. *See e.g. Clark v. Main Street Acquisition, Corp.*,

2014 U.S. App. LEXIS 1750, 9, 2014 WL 274469 (6th Cir. Jan. 27, 2014) (holding that reference in a prayer for relief to "costs in an unstated amount, where such costs are permitted by state law to the prevailing party, is not a false representation and does not violate 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), or 15 U.S.C. § 1692e(10)."). But these cases and this argument utterly fail to take into account the significant differences between factual averments in a complaint and a language contained in a prayer for relief.

Allegations in a complaint are not mere aspirational requests. Allegations in a complaint are not made to the court. Allegations in a complaint are made to and directed against the defendant to which an answer is required. Allegations in a complaint have weight and substance. Under the Kentucky Rules of Civil Procedure, "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading." Ky. R. Civ. P. 8.04.

Contrary to PRA's repeated protestations to the contrary, the allegations in Paragraph 4 of its state-court complaint are affirmative representations of the character, status, and amount of a debt allegedly owed by Ms. Stratton. The allegations were not generic references to a right to prejudgment interest. Rather, the allegations concern an easily calculated sum certain that PRA falsely averred that Ms. Stratton owed PRA.

Paragraph 4 of PRA's state-court complaint affirmatively alleges that Ms. Stratton owed PRA "$2,630.95, with interest thereon at the rate of 8% per annum from December 19, 2008." December 19, 2008 is the date that GE Money Bank charged off Ms. Stratton's credit card account. PRA purchased the debt 388 days later on January 15, 2010. (This date is established in the Davis Affidavit attached to PRA's state-court complaint. Exhibit B, RE 10-2, **Page ID# 99**.) So Paragraph 4 alleges that Ms. Stratton owes $223.74 in accrued interest that PRA created out of thin air. (0.08/365 days x $2,630.95 x 388 days).

Ms. Stratton agrees with PRA that PRA could only recover prejudgment interest from her "through a duly entered judgment."[1] But the allegations in Paragraph 4 of its state-court complaint were not requests made to the trial court as PRA argues. The allegations were addressed directly to and against Ms. Stratton. The complaint and its allegation were served on her by a deputy sheriff in an attempt to collect a debt from her. Once served, she was required to act—to admit or to deny the allegations. Consequently, the false representation in Paragraph 4 of the PRA's state-court complain violate the FDCPA. *See e.g. Munoz v. Pipestone Fin., LLC*, 513 F. Supp. 2d 1076, 1083 (D. Minn. 2007) (holding that debt collector violated § 1692e(2)(A) by falsely representing in collection complaint that attorney's fees in a sum certain were due and owing where those fees had not yet been incurred); *Foster*

---

[1] Appellee brief at 19, n. 37.

*v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 802 (S.D. Ohio 2006) (holding that "Defendants' standard request for attorney fees in Ohio debt collection action complaints constitutes a violation of 15 U.S.C. § 1692e(2)(B)"); *Strange v. Wexler*, 796 F. Supp. 1117 (N.D. Ill. 1992) (the attorney debt collector "filed a verified complaint stating that he was entitled to attorney's fees when he was not, a clear violation of 15 U.S.C. § 1692e(2)(B). This was not the use of legitimate judicial means to collect a debt.").

### B.    Violation of 15 U.S.C. § 1692f(1)

§ 1691f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Attempts to collect prejudgment interest not permitted by law violate § 1692f(1). *Carrizosa v. Stassinos*, 2010 U.S. Dist. LEXIS 1456, 4, 2010 WL 144807 (N.D. Cal. Jan. 10, 2010) (granting summary judgment granted on the consumers' § 1692f(1) claim where the debt collector attempted to collect both prejudgment interest and treble damages when state law prohibited the collection of

both amounts). Attempts to collect interest waived by the original creditor in a debt-collection complaint violate § 1692f(1). *McDonald, supra*.; *Simkus v. Cavalry Portfolio Servs., LLC*, 2014 U.S. Dist. LEXIS 9470, 11, 2014 WL 287499 (N.D. Ill. Jan. 27, 2014) ("When a debt collector tries to collect interest that a previous creditor had waived, the debt collector violates § 1692e(2)(A).").

PRA's state-court complaint alleges that Ms. Stratton owes PRA $223.74 more than PRA had a legal right to collect from her. Consequently, Ms. Stratton's federal complaint does allege that PRA violated the FDCPA by attempting to collect in its state-court complaint an amount of accrued interest from her that was neither authorized by contract nor permitted by law.

## III.   TILA

Ms. Stratton's response to PRA's motion to dismiss included a considerable discussion of the Truth in Lending Act ("TILA"). Response, RE 13 at 3-7, **Page ID#'s 128-33.** This discussion was in the context of explaining the tangible benefits that the original creditor GE Money Bank received from waiving its right to contractual interest. Ms. Stratton argues in her principle brief on appeal that the district court's ruling that GE Money Bank did not waive a statutory right to prejudgment interest necessarily means that GE Money Bank would not be able reap these benefits. In other words, Ms. Stratton's argument on appeal is that it would be not be logical for GE Money to waive contractual right to interest yet to continue to

accrue statutory prejudgment interest. This is because retention of any statutory right to prejudgment interest defeats the purpose of waiving its contractual right to interest. The question of whether GE Money Bank's alleged non-waiver of a statutory right to prejudgment interest is logical bears directly on the trial court's reasoning.

The only analysis on GE Money Bank's supposed right to collect prejudgment interest under KRS 360.010 provided by the district court is contained in this single sentence:

> Although Stratton argues that contractual and statutory interest are "mutually exclusive," this does not establish that statutory interest was unavailable to GE because GE was no longer charging interest under the contract, leading to the logical conclusion that the lower rate of statutory interest would be collectible.

Memorandum Opinion and Order, RE 17, **Page ID# 180.**

So in pointing out on appeal that it violates TILA for GE Money Bank to accrue statutory prejudgment interest on Ms. Stratton's credit card account without sending her the periodic statements required by Regulation Z, Ms. Stratton was simply highlighting a flaw in the district court's logic. And that flaw is based on the same sections of TILA and Regulation Z that were squarely before the district court in Ms. Stratton's response to PRA's motion to dismiss.

## IV.   Ms. Stratton did Argue GE Money Bank's Waiver of Statutory Interest to the District Court

Contrary to PRA's and the district court's implication, Ms. Stratton did argue that, if GE Money Bank did have a statutory right to prejudgment interest under KRS 360.010, GE Money Bank waived that statutory right along with its contractual right to interest. In her response, Ms. Stratton argued:

> Ms. Stratton in no way concedes that GE Money Bank had both a contractual and statutory right to collect statutory prejudgment interest on Ms. Stratton's credit card account. But even if this were true, GE Money Bank waived that right.
>
> The First Amended Complaint clearly alleges that GE Money Bank accrued *no* interest on Ms. Stratton's credit card account from the date of charge off through the date of sale. PRA does not argue otherwise. So regardless of whether GE Money Bank had a right under KRS 360.010 to accrue interest on the account, GE Money Bank did not exercise this right. PRA cannot retroactively reverse this decision. *McDonald*, *supra*.

Response, RE 13, **Page ID# 135.**

At the very least, the fact that PRA's own documents show that there was no accrued interest on Ms. Stratton's credit card debt on the date of purchase and that PRA did not purchase any accrued interest on the debt create a questions of fact as to whether GE Money Bank waived any right it might have had to charge and accrue statutory prejudgment interest and whether PRA in fact actually purchased such a

-13-

right. These questions of fact preclude dismissal of the complaint. *See e.g. Barnes v. Winchell*, 105 F.3d 1111, 1114 (6th Cir. 1997).

Respectfully submitted,

March 16, 2014

/s/ James H. Lawson
James H. Lawson
*Attorney for Appellant*

## Certificate of Service

I hereby certify that Appellant's brief was served this 16th day of March, 2014 via email to Joseph N. Tucker, *Dinsmore & Shohl, LLP*, 25th Floor, 101 S. Fifth Street, Louisville, KY 40202. joseph.tucker@dinsmore.com.

/s/ James H. Lawson
James H. Lawson
*Attorney for Appellant*

**Designation of Relevant District Court Documents with Page ID# Range**

First Amended Complaint and Exhibits, RE 10, **Page ID#'s 90-100**

Plaintiff's Response to PRA's Motion to Dismiss, RE 13, **Page ID#'s 122-52**

Memorandum Opinion and Order, RE 17, **Page ID#'s 175-91**