Case No. 13-6574

# United States Court of Appeals for the Sixth Circuit

Dede Stratton

v.

Portfolio Recovery Associates, LLC

---

**Appellant's Letter Response to Appellee Portfolio Recovery Associates, LLC's ("PRA") Supplemental Authority Citation to *Peters v. Northland Group, Inc.* ("*Peters II*") (W.D. Mo. Sept. 30, 2014) and *Brown v. L VNV Funding*, 2014 U.S. Dist. LEXIS 142620 (E.D. Ky. Oct. 6, 2014) ("*Brown*")**

*Peters II* cites the district court's opinion in this case and *Peters v. Financial Recovery Services, Inc.*, No. 14-00489-CV-W-GAF (W.D. Mo. Sept. 18, 2014) ("*Peters I*") for the proposition that waiver of contractual interest does not waive statutory interest. *Peters I* cites the district court's opinion in this case for the same proposition. *Peters II* is just more circular log rolling.

KRS 360.010 is a usury and consumer-protection statute. The statute was enacted expressly to limit creditor's rights. The statute should be strictly construed

against creditors. The Court should reject *Peters I, Peters II*, and *Brown's ipse dixit* declaratory construction that leads to an expansion of creditor's rights.

Without citation to any supporting authority, *Peters II* holds that 12 C.F.R. §226.5(b)(2)(i) does not apply to statutory interest. But it does. Also, if GE Money Bank received a bad-debt tax deduction after charge off, I.R.C. § 166(a)(2), GEMB could no longer charge interest on the account. But most importantly, Ms. Stratton's complaint affirmatively alleges that GEMB did not accrue any interest on Ms. Stratton's debt between charging off the debt and selling it to PRA. This is demonstrated by exhibits that show that the amount of the debt was the same on the date of charge off as it was on the date that PRA purchased it. Under the standard of review for motions to dismiss, the Court is required to take GEMB's waiver of interest as true.

Judge Reeves' ruling in *Brown* is the same as in the case at bar without adding any additional reasoning. Repeating an error does not correct it. PRA cites *Brown* for the proposition that a debt collector's false allegation as to the amount of a debt, when made in a collection complaint, can never form the basis of an FDCPA claim. This Court rejected this proposition in *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. Ky. 2014) ("The fact that the threat appears in a lawsuit or other court filing does not diminish the threatening nature of the communication for purposes of the FDCPA.")

Appellant's Letter Response under FRAP 28(j) submitted by:


/s/ James H. Lawson

James H. Lawson
Lawson at Law, PLLC
115 S. Sherrin Ave.
Unit #4
Louisville, KY 40207


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of October, 2014, a true and correct copy of the foregoing was served on all parties or their counsel of record via the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States Mail, postage prepaid, to their address of record.


*/s/ James H. Lawson*
James H. Lawson
Counsel for Appellant